IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

MAR 2 8 2013

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:13-cr-127 |
| | ) | |
| v. | ) | Count 1: 18 U.S.C. § 1349 |
| | ) | (Conspiracy to Commit Wire Fraud) |
| COLIN CONROY WILLIAMS, | ) | |
| | ) | Counts 2-12: 18 U.S.C. § 1343 & § 2 |
| | ) | (Wire Fraud & Aiding and Abetting) |
| Defendant. | ) | |
| | ) | Counts 13-16: 18 U.S.C. § 1028A(a)(1) & § 2 |
| | ) | (Aggravated Identity Theft & Aiding and |
| | ) | Abetting) |
| | ) | |
| | ) | Counts 17-20: 18 U.S.C. § 1957 |
| | ) | (Money Laundering) |
| | ) | |
| | ) | Forfeiture Notice |

**INDICTMENT**

MARCH 2013 TERM – AT ALEXANDRIA, VIRGINIA

THE GRAND JURY CHARGES THAT:

At all times material to this indictment:

**INTRODUCTORY ALLEGATIONS**

1. COLIN CONROY WILLIAMS ("WILLIAMS") was the owner of Brimani Builders, LLC and Brimani Contractors, LLC. He resided in Dayton, Maryland.

2. Ace Title & Escrow ("Ace") was a real estate settlement company located in Annandale, Virginia, within the Eastern District of Virginia.

3. P.M. and M.M. worked as settlement agents and title processors at Ace.

4. The above introductory allegations are re-alleged and incorporated in each count of this Indictment as if fully set forth in each count.

1

## COUNT 1
### (Conspiracy to Commit Wire Fraud)

**I.  THE CONSPIRACY**

1. From in our about December 2010 through in or about January 2013, within the Eastern District of Virginia and elsewhere, defendant WILLIAMS did knowingly and intentionally combine, conspire, confederate, and agree with M.B., P.M., M.M., J.R., and others known and unknown to the Grand Jury to commit certain offenses against the United States, namely:

   a. wire fraud, that is, to knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, to knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce, any writings, signs, signals, and sounds, in violation of Title 18, United States Code, Section 1343; and

**II.  PURPOSES OF THE CONSPIRACY**

2. The primary purpose of the conspiracy was to obtain money and property by fraudulently claiming ownership of real estate properties and selling those real estate properties without the rightful owners' knowledge.

**III.  MANNER AND MEANS OF THE CONSPIRACY**

WILLIAMS and his co-conspirators employed various manners and means in furtherance of the conspiracy and scheme to defraud, including but not limited to the following:

3. WILLIAMS identified properties for which he and his co-conspirators could fraudulently claim ownership. These properties often would have overdue tax bills, the true titleholder recently died, or the rightful heirs had not come forward to claim the property.

4. WILLIAMS and his co-conspirators used open source or subscription services, such as www.ancestry.com, to research and identify vulnerable properties.

5. WILLIAMS and his co-conspirators surveilled these properties to identify possible residents in order to ensure that their effort to fraudulently claim ownership would not be disrupted.

6. WILLIAMS and his co-conspirators filed or caused to be filed fraudulent legal documents with District of Columbia government offices. These documents falsely claimed that a co-conspirator was an heir to a recently-deceased property owner, so that the co-conspirator would be able to claim ownership of (and later sell) a property.

7. At WILLIAMS' direction, co-conspirator J.R. recruited "straw sellers" to falsely claim ownership of real estate properties and later fraudulently sell them.

8. After identifying a buyer for a property, WILLIAMS and his co-conspirators arranged a settlement where a real estate transaction would be processed.

9. WILLIAMS and his co-conspirators caused the submission of false real estate transaction documents in connection with these property sales.

10. WILLIAMS and his co-conspirators caused the payment of wire transactions and checks to WILLIAMS and others, in connection with these fraudulent real estate transactions.

11. WILLIAMS and his co-conspirators caused the interstate transmission of e-mail communications and text messages in connection with these fraudulent real estate transactions.

12. WILLIAMS and his co-conspirators caused real estate transaction documents to be sent via commercial interstate carriers.

## IV. OVERT ACTS

In furtherance of the conspiracy and to effect its illegal objects, on or about the dates listed below, in the Eastern District of Virginia and elsewhere, WILLIAMS and his co-conspirators committed the following overt acts, among others:

### *804 I Street NE, Washington, D.C.*

13. In or about October 2012, with WILLIAMS' knowledge and assistance, co-conspirator M.B. signed documents appointing himself as the Personal Representative to the estate of J.H.— the true owner of the property located at 804 I Street NE, Washington, D.C.

14. On or about December 13, 2012, WILLIAMS caused the interstate transmission of e-mail communications in connection with the sale of the property located at 804 I Street NE, Washington, D.C.

15. On or about December 28, 2012, WILLIAMS (on behalf of M.B.) sent a corrected death certificate for J.H. to a potential buyer for the property located at 804 I Street NE, Washington, D.C.

16. On or about January 2, 2013, WILLIAMS and M.B. drove to Tyson's Corner, Virginia, where the closing for the sale of the property located at 804 I Street NE, Washington, D.C. was to be held.

### *31 Q Street, N.W., Washington, D.C.*

17. WILLIAMS and his co-conspirators obtained a fraudulent identification document for L.B., the real owner of the property located at 31 Q Street, N.W., Washington, D.C.

18. WILLIAMS and his co-conspirators provided this identification document and other real estate transaction documents using L.B.'s name to P.M. and M.M.

19. On or about April 8, 2011, M.M. and P.M. assisted with a closing for the fraudulent sale of the property located at 31 Q Street, N.W., Washington, D.C. at Ace's office in Annandale, Virginia.

### *719 Kentucky Avenue, S.E., Washington, D.C.*

20. In or about late 2010, WILLIAMS and his co-conspirators prepared and filed documents that would appoint a co-conspirator as the legal representative for J.M.—the deceased owner of the property located at 719 Kentucky Ave, S.E., Washington, D.C.

21. On or about February 8, 2011, M.M. and P.M. assisted with a closing for the fraudulent sale of the property located at 719 Kentucky Ave, S.E., Washington, D.C. at Ace's office in Annandale, Virginia.

### *416 S. Capitol Street, S.E., Washington, D.C.*

22. In or about early 2011, WILLIAMS and his co-conspirators prepared and filed documents that would appoint one such co-conspirator as the legal representative for R.W.—the deceased owner of the property located at 416 South Capitol Street, S.E., Washington, D.C.

23. On or about December 22, 2010, M.M. and P.M. assisted with a closing for the fraudulent sale of the property located at 416 South Capitol Street, S.E., Washington, D.C. at Ace's office in Annandale, Virginia.

(In violation of Title 18, United States Code, Section 1349.)

## Counts 2-12
## (Wire Fraud)

1.  From in our about December 2010 through in or about January 2013, within the Eastern District of Virginia and elsewhere, the defendant, COLIN WILLIAMS, devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

2.  The scheme and artifice to defraud is described in paragraphs 2-11 of Count 1, which are incorporated herein.

3.  On or about each of the dates set forth below, in the Eastern District of Virginia and elsewhere, defendant WILLIAMS, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
| --- | --- | --- |
| 2 | December 28, 2012 | Facsimile of death certificate, sent by WILLIAMS in Maryland, to E.R. in the Eastern District of Virginia |
| 3 | December 28, 2012 | Telephone call from E.R. in the Eastern District of Virginia to M.B. in Maryland |
| 4 | December 27, 2012 | Text message from M.B. in Maryland to E.R. in the Eastern District of Virginia |
| 5 | December 19, 2012 | Telephone call from E.R. in the Eastern District of Virginia to M.B. in Maryland |
| 6 | December 13, 2012 | Email sent from M.B.'s gmail.com account in Maryland to E.R. in the Eastern District of Virginia |
| 7 | April 8, 2011 | Electronic funds transfer (approximately $278,000) from Cardinal Bank to Alliance Bank in the Eastern District of Virginia, through a |

|    |                    |                                                                                                                                                                                 |
|----|--------------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |                    | server outside of the Eastern District of Virginia                                                                                                                              |
| 8  | April 11, 2011     | Electronic funds transfer (approximately $127,413.05) from Alliance Bank in the Eastern District of Virginia to PNC Bank, , through a server outside of the Eastern District of Virginia |
| 9  | April 11, 2011     | Electronic funds transfer (approximately $50,000) from Alliance Bank in the Eastern District of Virginia to Washington Mutual Bank, through a server outside of the Eastern District of Virginia |
| 10 | February 8, 2011   | Electronic funds transfer (approximately $255,795.50) from HSBC Bank to Alliance Bank in the Eastern District of Virginia, through a server outside of the Eastern District of Virginia |
| 11 | February 8, 2011   | Electronic funds transfer (approximately $145,947.23) from Alliance Bank in the Eastern District of Virginia to PNC Bank, through a server outside of the Eastern District of Virginia |
| 12 | December 23, 2010  | Electronic funds transfer (approximately $332,000) from Bank of America to Alliance Bank in the Eastern District of Virginia, through a server outside of the Eastern District of Virginia |

(In violation of Title 18, United States Code, Sections 1343 & 2.)

## Count 13
## (Aggravated Identity Theft)

1.     On or about January 2, 2013, in the Eastern District of Virginia, the defendant, COLIN WILLIAMS, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name of J.H., during and in relation to a violation of Title 18, United States Code, Section 1349, as set forth in Count 1 of the Indictment.

(In violation of Title 18, United States Code, Section 1028A and 2.)

## Count 14
## (Aggravated Identity Theft)

1. On or about April 8, 2011, in the Eastern District of Virginia, the defendant, COLIN WILLIAMS, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name of L.B., during and in relation to a violation of Title 18, United States Code, Section 1349, as set forth in Count 1 of the Indictment.

(In violation of Title 18, United States Code, Section 1028A and 2.)

## Count 15
## (Aggravated Identity Theft)

1.  On or about February 8, 2011, in the Eastern District of Virginia, the defendant, COLIN WILLIAMS, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name of J.M., during and in relation to a violation of Title 18, United States Code, Section 1349, as set forth in Count 1 of the Indictment.

(In violation of Title 18, United States Code, Section 1028A and 2.)

## Count 16
### (Aggravated Identity Theft)

1.  On or about December 22, 2010, in the Eastern District of Virginia, the defendant, COLIN WILLIAMS, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name of R.W., during and in relation to a violation of Title 18, United States Code, Section 1349, as set forth in Count 1 of the Indictment.

(In violation of Title 18, United States Code, Section 1028A and 2.)

## Count 17
## (Money Laundering)

1. On or about December 23, 2010, in the Eastern District of Virginia, defendant WILLIAMS, did knowingly engage and attempt to engage in a monetary transaction by through and to a financial institution, affecting interstate or foreign commerce, involving criminally derived property of a value greater than $10,000, that is withdrew and exchanged approximately $158,000 in funds for a cashier's check payable to Precision Cars, such funds having been derived from a specified unlawful activity, that is, the conspiracy to commit wire fraud described in paragraphs 1-23 of Count 1.

(In violation of Title 18, United States Codes, Sections 1957 and 2.)

## Count 18
## (Money Laundering)

1. On or about February 10, 2011, in the Eastern District of Virginia, defendant WILLIAMS, did knowingly engage and attempt to engage in a monetary transaction by through and to a financial institution, affecting interstate or foreign commerce, involving criminally derived property of a value greater than $10,000, that is withdrew and exchanged approximately $17,000 of funds to purchase a diamond ring from Jacob and Company, such funds having been derived from a specified unlawful activity, that is, the conspiracy to commit wire fraud described in paragraphs 1-23 of Count 1.

(In violation of Title 18, United States Codes, Sections 1957 and 2.)

## Count 19
## (Money Laundering)

1. On or about April 11, 2011, in the Eastern District of Virginia, defendant WILLIAMS, did knowingly engage and attempt to engage in a monetary transaction by through and to a financial institution, affecting interstate or foreign commerce, involving criminally derived property of a value greater than $10,000, that is withdrew and exchanged approximately $40,572 of funds to purchase a Mini Countryman vehicle, such funds having been derived from a specified unlawful activity, that is, the conspiracy to commit wire fraud described in paragraphs 1-23 of Count 1.

(In violation of Title 18, United States Codes, Sections 1957 and 2.)

## Count 20

### (Money Laundering)

1.  On or about April 21, 2011, in the Eastern District of Virginia, defendant WILLIAMS, did knowingly engage and attempt to engage in a monetary transaction by through and to a financial institution, affecting interstate or foreign commerce, involving criminally derived property of a value greater than $10,000, that is withdrew and exchanged approximately $34,139.60 of funds to purchase a Mini Cooper vehicle, such property having been derived from a specified unlawful activity, that is, the conspiracy to commit wire fraud described in paragraphs 1-23 of Count 1.

(In violation of Title 18, United States Codes, Sections 1957 and 2.)

## **FORFEITURE NOTICE**

Pursuant to Rule 32.2(a), the defendant is hereby notified that, if convicted of any of the wire fraud and conspiracy offenses alleged in Counts 1-12 above, he shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the following property:

(a)  A sum of money equal to at least $590,820.51 in United States currency, representing the amount of proceeds obtained as a result of the violation of 18 U.S.C. §§ 1343 and 1349.

(b)  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. § 2461(c), the defendant shall forfeit substitute property, up to the value of the amount described in subparagraph a, if, by any act or omission of the defendant, the property described in subparagraph a, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

Defendant is further notified that if convicted of the money laundering offenses charged in Counts 17-20, he shall forfeit all property, real or personal, involved in the offense, or any property traceable to such property.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C); Title 18, United States Code, Section 982; Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

A TRUE BILL

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office

Foreperson

Neil H. MacBride
United States Attorney

By: _____
Chad Golder
Assistant United States Attorney