IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:13-cr-127 |
| v. | ) | |
| | ) | Trial Date: October 28, 2013 |
| COLIN CONROY WILLIAMS, | ) | |
| | ) | The Honorable Gerald Bruce Lee |
| | ) | |
| Defendant. | ) | |
| | ) | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The government respectfully requests the Court to include in its charge to the Jury the

attached instructions and other such instructions as may become appropriate during the course of

trial.

Respectfully submitted,
Dana J. Boente
Acting United States Attorney

By: _____/s/_____
Chad Golder
Kosta S. Stojilkovic
Assistant United States Attorneys
Eastern District of Virginia
Counsel for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: chad.i.golder@usdoj.gov
Email: kosta.stojilkovic@usdoj.gov

## TABLE OF CONTENTS

<u>Instruction</u>                                                                                      <u>Page</u>

INSTRUCTION NO. 1
Introduction to the Final Charge – Province of the Court and of the Jury ................................ 1

INSTRUCTION NO. 2
Admonitions at Court Recess – Short Form ............................................................................ 3

INSTRUCTION NO. 3
Judging the Evidence ............................................................................................................... 4

INSTRUCTION NO. 4
Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted ........ 5

INSTRUCTION NO. 5
Direct and Circumstantial Evidence ........................................................................................ 7

INSTRUCTION NO. 6
Inferences from the Evidence ................................................................................................... 8

INSTRUCTION NO. 7
Jury's Recollection Controls .................................................................................................... 9

INSTRUCTION NO. 8
Typewritten Transcripts of Tape Recorded Conversations .................................................... 10

INSTRUCTION NO. 9
Evidence Admitted for a Limited Purpose Only (If Appropriate) ........................................... 11

INSTRUCTION NO. 10
Objections and Rulings .......................................................................................................... 12

INSTRUCTION NO. 11
Court's Comments to Counsel ................................................................................................ 13

INSTRUCTION NO. 12
Court's Questions to Witnesses .............................................................................................. 14

INSTRUCTION NO. 13
The Question Is Not Evidence ................................................................................................ 15

INSTRUCTION NO. 14
Consider Only the Offense Charged ....................................................................................... 16

INSTRUCTION NO. 15
Consider Each Count Separately .............................................................................. 17

INSTRUCTION NO. 16
The Indictment Is Not Evidence ............................................................................... 18

INSTRUCTION NO. 17
"On or About" – Explained ...................................................................................... 19

INSTRUCTION NO. 18
Approximate Amount –  Explained .......................................................................... 20

INSTRUCTION NO. 19
Opinion Evidence – The Expert Witness
(If Appropriate) ....................................................................................................... 21

INSTRUCTION NO. 20
Charts – Admitted (If Appropriate) .......................................................................... 22

INSTRUCTION NO. 21
False Exculpatory Statements .................................................................................. 23

INSTRUCTION NO. 22
Accusatory Statements ............................................................................................. 24

INSTRUCTION NO. 23
Credibility of Witnesses – Generally ....................................................................... 25

INSTRUCTION NO. 24
Credibility of Witnesses – Accomplice .................................................................... 27

INSTRUCTION NO. 25
Credibility of Witnesses – Conviction of a Felony .................................................. 28

INSTRUCTION NO. 26
Credibility of Witnesses – the Defendant as a Witness
(If Appropriate) ....................................................................................................... 29

INSTRUCTION NO. 27
Effect of the Defendant's Failure to Testify (If Appropriate) ................................... 30

INSTRUCTION NO. 28
Credibility of Witnesses – The Defendant as a Witness
(If Appropriate) ....................................................................................................... 31

INSTRUCTION NO. 29
404(b) Evidence (If Appropriate) ............................................................. 32

INSTRUCTION NO. 30
Presumption of Innocence, Burden of Proof and Reasonable Doubt ........................................ 33

INSTRUCTION NO. 31
Nature of the Offenses Charged – Count One
(Conspiracy to Wire Fraud) ................................................................. 34

INSTRUCTION NO. 32
The Statute Defining the Offense Charged – Count One
(Conspiracy to Commit Wire Fraud) ........................................................ 36

INSTRUCTION NO. 33
The Essential Elements of the Offense Charged – Count One
(Conspiracy to Commit Wire Fraud) ........................................................ 37

INSTRUCTION NO. 34
Conspiracy – Existence of an Agreement ..................................................... 38

INSTRUCTION NO. 35
Conspiracy – Membership in an Agreement ................................................... 40

INSTRUCTION NO. 36
Relationship Between Substantive Offense and Conspiracy to Commit Offense ................... 41

INSTRUCTION NO. 37
Responsibility for the Substantive Offense .................................................... 42

INSTRUCTION NO. 38
Success of Conspiracy Immaterial ........................................................... 43

INSTRUCTION NO. 39
Nature of the Offenses Charged – Counts Two through Twelve (Wire Fraud) ..................... 44

INSTRUCTION NO. 40
The Statute Defining the Offenses Charged – Counts Two through Twelve (Wire Fraud) ...... 47

INSTRUCTION NO. 41
Elements of the Offense Charged – Counts Two through Twelve (Wire Fraud) ................... 48

INSTRUCTION NO. 42
"Any Scheme or Artifice to Defraud" and
"False or Fraudulent Pretenses, Representations or Promises" – Defined ............................. 49

INSTRUCTION NO. 43
   "Transmits by means of Wire, Radio, or Television Communication
   in Interstate Commerce" – Defined ........................................................... 51

INSTRUCTION NO. 44
   "Intent to Defraud" – Defined ................................................................... 53

INSTRUCTION NO. 45
   Each Transmission by Wire Communication in Interstate Commerce – Defined ..................... 54

INSTRUCTION NO. 46
   Nature of the Offenses Charged – Counts Thirteen through Sixteen
   (Aggravated Identity Theft) ...................................................................... 55

INSTRUCTION NO. 47
   The Statute Defining the Offense Charged – Counts Thirteen through Sixteen
   (Aggravated Identity Theft) ...................................................................... 57

INSTRUCTION NO. 48
   The Essential Elements of the Offense Charged – Counts Thirteen through Sixteen
   (Aggravated Identity Theft) ...................................................................... 58

INSTRUCTION NO. 49
   "Means of Identification" – Defined ........................................................... 59

INSTRUCTION NO. 50
   "Without Lawful Authority" – Defined .......................................................... 60

INSTRUCTION NO. 51
   "During and In Relation To" – Defined ......................................................... 61

INSTRUCTION NO. 52
   Nature of the Offenses Charged – Counts Seventeen through Twenty
   (Money Laundering) .............................................................................. 62

INSTRUCTION NO. 53
   The Statute Defining the Offense Charged – Counts Seventeen through Twenty
   (Money Laundering) .............................................................................. 64

INSTRUCTION NO. 54
   The Essential Elements of the Offense Charged – Counts Seventeen through Twenty
   (Money Laundering) .............................................................................. 65

INSTRUCTION NO. 55
   "Monetary Transaction" – Defined .............................................................. 66

INSTRUCTION NO. 56
  "Interstate Commerce" – Defined ................................................................. 67

INSTRUCTION NO. 57
  "Financial Transaction" – Defined ............................................................... 68

INSTRUCTION NO. 58
  "Specified Unlawful Activity" – Defined...................................................... 69

INSTRUCTION NO. 59
  "Criminally Derived Property" – Defined .................................................... 70

INSTRUCTION NO. 60
  "Knowingly" – Defined ................................................................................ 71

INSTRUCTION NO. 61
  "Materiality" – Defined ................................................................................ 72

INSTRUCTION NO. 62
  Motive – Explained ...................................................................................... 73

INSTRUCTION NO. 63
  Proof of Knowledge or Intent....................................................................... 74

INSTRUCTION NO. 64
  Aiding and Abetting – Explained................................................................. 75

INSTRUCTION NO. 65
  Causing Another To Do An Act – 18 U.S.C. § 2(b) ..................................... 77

INSTRUCTION NO. 66
  Common Scheme or Plan – Evidence of Acts or Declarations of Confederates ..................... 78

INSTRUCTION NO. 67
  Agent of the Defendant ................................................................................ 80

INSTRUCTION NO. 68
  Proof May Be Disjunctive............................................................................ 81

INSTRUCTION NO. 69
  Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment –
  Form of Verdict – Communication with the Court ....................................... 82

INSTRUCTION NO. 1

Introduction to the Final Charge – Province of the Court and of the Jury

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court--those given to you at the beginning of the trial, those given to you during the trial, and these final instructions--must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn

1

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the Indictment and the pleas of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice– through trial by jury– depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §12.01 (6th ed. through 2013)).

INSTRUCTION NO. 2

Admonitions at Court Recess – Short Form

During this recess and all other recesses, you must not discuss this case with anyone. This includes your family, other jurors, and anyone involved in the trial. If anyone attempts in any way to talk to you about this trial during a recess, it is your obligation to tell me immediately.

Do not watch or listen to any news reports concerning this trial on television or on radio and do not read any news accounts of this trial in a newspaper or on the internet.

Do not speak at all with any of the parties, the witnesses, or the attorneys.

You are required to keep an open mind until you have heard all of the evidence in this case, the closing arguments of counsel, and the final instructions of law provided by the Court.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.02 (6th ed. through 2013)).

3

INSTRUCTION NO. 3

Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.02 (6th ed. through 2013)).

INSTRUCTION NO. 4

Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses--regardless of who may have called them--all exhibits received in evidence–regardless of who may have produced them–all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.  You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events.  When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.  You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case (unless made as an admission or stipulation of fact.)

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted

5

to draw from the facts which you find have been proved such reasonable inferences as you feel

are justified in the light of your experience and common sense.

(1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.03 (6th ed. through 2013)).

6

INSTRUCTION NO. 5

Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial--direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.04 (6th ed. through 2013)).

7

INSTRUCTION NO. 6

Inferences from the Evidence

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.05 (6th ed. through 2013)).

8

INSTRUCTION NO. 7

Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §12.07 (6th ed. through 2013)).

INSTRUCTION NO. 8

Typewritten Transcripts of Tape Recorded Conversations

Tape recordings of conversations have been received in evidence and [are about to be] [have been] played for you. Typewritten transcripts of these tape recorded conversations [are about to be] [have been] furnished to you. These typewritten transcripts of the conversations are being given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The tapes themselves are evidence in the case and the typewritten transcripts are not evidence. What you hear on the tapes is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken or if you cannot determine from the tape recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.10 (6th ed. through 2013)).

10

INSTRUCTION NO. 9

Evidence Admitted for a Limited Purpose Only
(If Appropriate)

In certain instances evidence may be admitted only concerning a particular party or only for a particular purpose and not generally against all parties or for all purposes.

> *[For example, evidence that Defendant A has been convicted of a crime has been admitted, but you may consider that evidence only in determining the credibility of Defendant A as a witness in this case. You may not, however, use this evidence of Defendant A's prior conviction in deciding whether or not the government has proven Defendant A's guilt for the crime charged in the present Indictment. You may not, moreover, use this evidence for any purpose whatsoever in deciding the case of Defendant B.]*

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.09 (6th ed. through 2013)).

11

INSTRUCTION NO. 10

Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or their client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.03 (6th ed. through 2013)).

12

INSTRUCTION NO. 11

Court's Comments to Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

(1A O'Malley,6th Grenig and Lee, Federal Jury Practice and Instructions, § 11.04 (6th ed. through 2013)).

13

INSTRUCTION NO. 12

Court's Questions to Witnesses

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter–not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.05 (6th ed. through 2013)).

14

INSTRUCTION NO. 13

The Question Is Not Evidence

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.08 (6th ed. through 2013)).

INSTRUCTION NO. 14

Consider Only the Offense Charged

The defendant is not on trial for any act or any conduct not specifically charged in the Indictment.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.09 (6th ed. through 2013)).

16

INSTRUCTION NO. 15

Consider Each Count Separately

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.12 (6th ed. through 2013)).

## INSTRUCTION NO. 16

### The Indictment Is Not Evidence

An Indictment is but a formal method used by the government to accuse a defendant of crimes. It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crimes charged.  Even though this Indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this Indictment and, therefore, denies that he is guilty of the charges.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13.04 (6th ed. through 2013)).

INSTRUCTION NO. 17

"On or About"– Explained

The Indictment charges that the offense alleged was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13.05 (6th ed. through 2013)).

19

INSTRUCTION NO. 18

Approximate Amount – Explained

Certain counts in the Indictment alleges that an approximate amount of money was involved in the crimes charged.

It is not necessary for the government to prove the exact or precise amount of money alleged in the Indictment.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13.06 (6th ed. through 2013)).

20

INSTRUCTION NO. 19

Opinion Evidence – The Expert Witness
(If Appropriate)

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses". An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence [including that of other "expert witnesses"], you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14.01 (6th ed. through 2013)).

21

INSTRUCTION NO. 20

Charts – Admitted
(If Appropriate)

Charts or summaries have been prepared by the government, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14.02 (6th ed. through 2013)).

22

INSTRUCTION NO. 21

False Exculpatory Statements

Statements knowingly and voluntarily made by Defendant upon being informed that a crime had been committed or upon being accused of a criminal charge may be considered by the jury.

When a defendant voluntarily offers an explanation or voluntarily makes some statement tending to show his innocence and it is later shown that the defendant knew that this statement or explanation was false, the jury may consider this as showing a consciousness of guilt on the part of a defendant since it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not evidence as to a defendant's explanation or statement points to a consciousness of guilt on his part and the significance, if any, to be attached to any such evidence, are matters exclusively within the province of the jury since you are the sole judges of the facts of this case.

In your evaluation of evidence of an exculpatory statement shown to be false, you may consider that there may be reasons–fully consistent with innocence–that could cause a person to give a false statement showing that he did not commit a crime. Fear of law enforcement, reluctance to become involved, and simple mistake may cause a person who has committed no crime to give such a statement or explanation.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14.04 (6th ed. through 2013)).

23

INSTRUCTION NO. 22

Accusatory Statements

Evidence has been received that statements accusing the defendant  of the crimes charged in the Indictment were made in his presence at a time when he was not under arrest or in custody and that such accusations were neither denied nor objected to by him.  If the jury finds that the defendant actually heard and understood the accusatory statements and that they were made under such circumstances that a person might be expected to have denied them if they were not true, then the jury should consider whether the silence of the defendant was an admission of the truth of the accusatory statements.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.  You will then be in a position to decide whether the government has proven the charge beyond a reasonable doubt.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14.05 (6th ed. through 2013)).

24

INSTRUCTION NO. 23

Credibility of Witnesses – Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

25

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charge beyond a reasonable doubt.

(1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 15.01 (6th ed. through 2013)).

INSTRUCTION NO. 24

Credibility of Witnesses - Accomplice

The testimony of an alleged accomplice, someone who said he participated in the commission of a crime, must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of that crime.

_____ may be considered to be an alleged accomplice in this case.

The fact that an alleged accomplice has entered or has agreed to enter a plea of guilty to the offense charged is not evidence of the guilt of any other person including the defendant.

The jury must determine whether the testimony of the accomplice has been affected by self-interest, or by an agreement he may have with the government, or by his own interest in the outcome of this case, or by prejudice against the defendant.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.04 (6th ed. through 2013)).

INSTRUCTION NO. 25

Credibility of Witnesses – Conviction of a Felony

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.07 (6th ed. through 2013)).

INSTRUCTION NO. 26

Credibility of Witnesses - the Defendant as a Witness
(If Appropriate)

You should judge the testimony of the defendant in the same manner as you judge the

testimony of any other witness in this case.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.12 (6th ed. through
2013)).

29

INSTRUCTION NO. 27

Effect of the Defendant's Failure to Testify
(If Appropriate)

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.14 (6th ed. through 2013)).

INSTRUCTION NO. 28

Credibility of Witnesses – The Defendant as a Witness
(If Appropriate)

You should judge the testimony of Defendant in the same manner as you judge the

testimony of any other witness in this case.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.12 (6th ed. through
2013)).

31

INSTRUCTION NO. 29

404(b) Evidence
(If Appropriate)

Evidence that an act was done or that an offense was committed by a defendant at some other time is not, of course, any evidence or proof whatever that, at another time, the defendant performed a similar act or committed a similar offense, including the offense charged in this Indictment.

Evidence of a similar act or offense may not be considered by the jury in determining whether a defendant actually performed the physical acts charged in this Indictment. Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that a defendant physically did the act charged in this Indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that a defendant did the act or acts alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining the state of mind or intent with which a defendant actually did the act or acts charged in the particular count.

The defendant is not on trial for any acts or crimes not alleged in the Indictment. Nor may a defendant be convicted of the crimes charged even if you were to find that he committed other crimes—even crimes similar to the one charged in this Indictment.

(1A O'Malley, Grenig and Lee, Federal Jury Practice & Instructions, § 17.08 (6th ed. through 2013))

32

INSTRUCTION NO. 30

Presumption of Innocence, Burden of Proof and Reasonable Doubt

I instruct you that you must presume the defendant to be innocent of the crimes charged.

Thus the defendant, although accused of crimes in the Indictment, begins the trial with a "clean

slate" - with no evidence against him. The Indictment, as you already know, is not evidence of

any kind. The defendant is, of course, not on trial for any act or crime not contained in the

Indictment. The law permits nothing but legal evidence presented before the jury in court to be

considered in support of any charge against the defendant. The presumption of innocence alone,

therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. The

burden never shifts to the defendant for the law never imposes upon a defendant in a criminal

case the burden or duty of calling any witnesses or producing any evidence. The defendant is not

even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is

one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that the defendant has

committed each and every element of the offenses charged in the Indictment, you must find the

defendant not guilty of the offenses. If the jury views the evidence in the case as reasonably

permitting either of two conclusions - one of innocence, the other of guilt - the jury must, of

course, adopt the conclusion of innocence.

(1A O'Malley, Grenig and Lee, Federal Jury Practice & Instructions, § 12.10 (definition of
"reasonable doubt" deleted) (6th ed. through 2013))

INSTRUCTION NO. 31

Nature of the Offenses Charged – Count One
(Conspiracy to Wire Fraud)

Count One of the Indictment charges that from in our about December 2010 through in or about January 2013, within the Eastern District of Virginia and elsewhere, the defendant COLIN C. WILLIAMS did knowingly and intentionally combine, conspire, confederate, and agree with others, known and unknown, to commit certain offenses against the United States, namely:

a.      wire fraud, that is, to knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, to knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce, any writings, signs, signals, and sounds, in violation of Title 18, United States Code, Section 1343.

The primary purpose of the conspiracy was to obtain money and property by fraudulently claiming ownership of real estate properties and selling those real estate properties without the rightful owners' knowledge.  The defendant and his co-conspirators employed various manners and means in furtherance of the conspiracy and scheme to defraud, including but not limited to the following:

The defendant identified properties for which he and his co-conspirators could fraudulently claim ownership.  These properties often would have overdue tax bills, the true titleholder recently died, or the rightful heirs had not come forward to claim the property.

The defendant and his co-conspirators used open source or subscription services, such as www.ancestry.com, to research and identify vulnerable properties.

34

The defendant and his co-conspirators surveilled these properties to identify possible residents in order to ensure that their effort to fraudulently claim ownership would not be disrupted.

The defendant and his co-conspirators then filed or caused to be filed fraudulent legal documents with District of Columbia government offices.  These documents falsely claimed that a co-conspirator was an heir to a recently-deceased property owner, so that the co-conspirator would be able to claim ownership of (and later sell) a property.

These actions by the defendant and his co-conspirators caused the payment of wire transactions and checks to the defendant and others, in connection with these fraudulent real estate transactions.  It further caused the interstate transmission of e-mail communications and text messages in connection with these fraudulent real estate transactions.  Finally, the actions of the defendant and others caused real estate transaction documents to be sent via commercial interstate carriers.

The conspiracy was committed in violation of Title 18, United States Code, Section 1349.

The defendant has entered a plea of not guilty to these allegations in the Indictment.

The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of conspiracy to commit wire fraud.

(Adapted from the Indictment)

35

<u>INSTRUCTION NO. 32</u>

<u>The Statute Defining the Offense Charged – Count One</u>
(Conspiracy to Commit Wire Fraud)

Section 1349 of Title 18 of the United States Code provides, in part, that:

"Any person who … conspires to commit [the offense of wire fraud] shall be subject to

the same penalties as those prescribed for the offense, the commission of which was the object of

the … conspiracy."

shall be guilty of an offense against the United States.

(18 U.S.C. §1349)

INSTRUCTION NO. 33

The Essential Elements of the Offense Charged – Count One
(Conspiracy to Commit Wire Fraud)

In order to sustain its burden of proof for the crime of conspiracy to commit an offense against the United States of America, namely: wire fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count One of the Indictment, the government must prove the following two (2) essential elements beyond a reasonable doubt:

One:    The conspiracy, agreement, or understanding to commit wire fraud as described in the Indictment, was formed, reached, or entered into by two or more persons;

Two:    At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement, or understanding with the intent to further the unlawful purpose.

(18 U.S.C. § 1349; Adapted from 2 Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions, § 31:03 (6th ed. through 2013))

37

INSTRUCTION NO. 34

Conspiracy – Existence of an Agreement

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action.  A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate some law by means of some common plan or course of action as alleged in Count One of the Indictment.  It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the Indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the Indictment.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant with respect to Count One of the Indictment.

(2 O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 31.04 (6th ed. through 2013))

INSTRUCTION NO. 35

Conspiracy – Membership in an Agreement

Before the jury may find that the defendant, or any other person, became a member of the conspiracy charged in Count One of the Indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.  If the evidence establishes beyond a reasonable doubt that the defendant knowingly and deliberately entered into an agreement to commit the offense as alleged in Count One, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

(2 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 31.05 (6th ed. through 2013))

INSTRUCTION NO. 36

Relationship Between Substantive Offense and Conspiracy to Commit Offense

Under the law, participating in a conspiracy to commit a crime is an entirely separate and distinct charge from the actual violation of the substantive charge which may be the object of the conspiracy.  Therefore, all of the underlying elements of substantive participation in an act affecting wire fraud need not be met in order for you to find that there was a conspiracy to commit that offense.  All that you must find is that there was an agreement to commit that offense and that a defendant voluntarily joined the conspiracy.

I will instruct you on the elements of wire fraud shortly.  You should consider these elements in determining whether the defendant knowingly and intentionally conspired to participate in wire fraud.  As I have explained to you before, however, the government need not prove each of these underlying elements to prove that a defendant conspired to participate in wire fraud.

(United States v. Bayer, 331 U.S. 532, 542 (1947); Hanford v. United States, 231 F. 2d 661, 662 (4th Cir. 1956) ("The crime of conspiracy is a separate and distinct crime from the crime that is its object.  'Its essence is the agreement or confederation to commit a crime, and that is what is punishable as a conspiracy . . . The agreement is punishable whether or not the contemplated crime is consummated.'") (citing Bayer, 331 U.S. at 542)).

INSTRUCTION NO. 37

Responsibility for the Substantive Offense

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goals or objectives of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are then members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven the defendant guilty of conspiracy as charged in Count One of the Indictment, beyond a reasonable doubt, you may also find the defendant guilty of the crime alleged in Counts Two through Twelve of the Indictment, provided you find that the essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that:

**One:** The substantive offense of wire fraud as described in Counts Two through Twelve of the Indictment was committed by a member of the conspiracy as detailed in Count One of the Indictment;

**Two:** The substantive crime of wire fraud was committed during the existence or life of and in furtherance of the goals or objectives of the conspiracy as detailed in Count One of the Indictment; and

**Three:** At the time that this offense was committed, defendant was a member of the conspiracy as detailed in Count One of the Indictment.

(2 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 31.10 (6th ed. through 2013))

42

INSTRUCTION NO. 38

Success of Conspiracy Immaterial

The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

(2 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 31.08 (6th ed. through 2013))

INSTRUCTION NO. 39

Nature of the Offenses Charged – Counts Two through Twelve
(Wire Fraud)

Counts Two through Twelve of the Indictment charge that from in our about December 2010 through in or about January 2013, within the Eastern District of  Virginia and elsewhere, the defendant devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

The Indictment further charges that on or about each of the dates set forth below, in the Eastern District of Virginia and elsewhere, the defendant, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

Count Two specifically charges that on December 28, 2012, the defendant sent a facsimile of a death certificate from Maryland to a co-conspirator in the Eastern District of Virginia.

Count Three specifically charges that on December 28, 2012, the defendant caused a telephone call to be placed from a co-conspirator in the Eastern District of Virginia to a co-conspirator in Maryland.

Count Four specifically charges that on December 27, 2012, the defendant caused a text message to be sent from a co-conspirator in Maryland to a co-conspirator in the Eastern District of Virginia.

44

Count Five specifically charges that on December 19, 2012, the defendant caused a telephone call to be placed from a co-conspirator in the Eastern District of Virginia to a co-conspirator in Maryland.

Count Six specifically charges that on December 13, 2012, the defendant caused an email to be sent from a co-conspirator's Gmail account in Maryland to a co-conspirator in the Eastern District of Virginia.

Count Seven specifically charges that on April 8, 2011, the defendant caused an electronic funds transfer in the amount of approximately $278,000 to be sent from Cardinal Bank to Alliance Bank in the Eastern District of Virginia, through a server outside of the Eastern District of Virginia.

Count Eight specifically charges that on April 11, 2011, the defendant caused an electronic funds transfer in the amount of approximately $127,413.05 to be sent from Alliance Bank in the Eastern District of Virginia to PNC Bank, through a server outside of the Eastern District of Virginia.

Count Nine specifically charges that on April 11, 2011, the defendant caused an electronic funds transfer in the amount of approximately $50,000 to be sent from Alliance Bank in the Eastern District of Virginia to Washington Mutual Bank, through a server outside of the Eastern District of Virginia.

Count Ten specifically charges that on February 8, 2011, the defendant caused an electronic funds transfer in the amount of approximately $255,795.50 to be sent from HSBC Bank to Alliance Bank in the Eastern District of Virginia, through a server outside of the Eastern District of Virginia.

Count Eleven specifically charges that on February 8, 2011, the defendant caused an electronic funds transfer in the amount of approximately $145,947.23 to be sent from Alliance Bank in the Eastern District of Virginia to PNC Bank, through a server outside of the Eastern District of Virginia.

Count Twelve specifically charges that on December 23, 2010, the defendant caused an electronic funds transfer in the amount of approximately $332,000 to be sent from Bank of America to Alliance Bank in the Eastern District of Virginia to PNC Bank, through a server outside of the Eastern District of Virginia.

These offenses were committed in violation of Title 18, United States Code, Section 1343 and 2.

The defendant has entered a plea of not guilty to these allegations in the Indictment.

The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of wire fraud.

(Adapted from the Indictment.)

46

INSTRUCTION NO. 40

The Statute Defining the Offenses Charged – Counts Two through Twelve
(Wire Fraud)

Section 1343 of Title 18 of the United States Code provides, in part, that:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, and transmits or causes to be transmitted by means of a wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice …"

shall be guilty of an offense against the United States.

(Adapted from 18 U.S.C. § 1343)

INSTRUCTION NO. 41

Elements of the Offense Charged – Counts Two through Twelve
(Wire Fraud)

In order to sustain its burden of proof for the crime of using a wire communication in interstate commerce to further a scheme or plan to defraud or scheme, or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises, as charged in Counts Two through Twelve of the Indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

**One:**   Defendant knowingly devised or knowingly participated in a scheme or artifice to defraud, or knowingly devised or knowingly participated in a scheme or artifice to obtain money or property, by means of material false or fraudulent pretenses, representations, or promises, as detailed in Counts Two through Twelve of the indictment [and as summarized [ ] in these instructions];

**Two:**   The scheme or artifice to defraud or the pretenses, representations, or promises were material, that is, they would reasonably influence a person to part with money or property;

**Three:**   Defendant did so with the intent to defraud; and

**Four:**   In advancing, or furthering, or carrying out this scheme to defraud or a scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

(2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 47.07 (6th ed. though 2013))

48

INSTRUCTION NO. 42

"Any Scheme or Artifice to Defraud" and
"False or Fraudulent Pretenses, Representations or Promises" – Defined

The phrase "any scheme or artifice to defraud" or "any scheme or artifice for obtaining money or property" means any deliberate plan of action or course of conduct by which someone intends to deceive or to cheat another or by which someone intends to deprive another of something of value.

The term "false or fraudulent pretenses, representations, or promises" means a statement or an assertion which concerns a material or important fact or a material or important aspect of the matter in question and that was either known to be untrue at the time that it was made or used, or that was made or used with reckless indifference as to whether it was, in fact, true or false, and made or used with the intent to defraud. A material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction.

The term "false or fraudulent pretenses, representations, or promises" includes actual, direct false statements as well as half-truths, and includes the knowing concealment of facts that are material or important to the matter in question and that were made or used with the intent to defraud.

It is not necessary for the government to prove that the defendant was actually successful in defrauding anyone or in obtaining money or property by means of false or fraudulent pretenses, representations, or promises. It is not necessary for the government to prove that anyone lost any money or property as a result of the scheme or plan to defraud and to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

49

An unsuccessful scheme or plan to defraud and to obtain money by means of false or fraudulent pretenses, representations, or promises is as illegal as a scheme or plan that is ultimately successful.

(2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 47.13 (6th ed. through 2013))

INSTRUCTION NO. 43

"Transmits by means of Wire, Radio, or Television Communication
in Interstate Commerce" – Defined

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" includes a telephone conversation by a person in one state with a person in another state.

The use of a wire, radio, or television communication facility in interstate commerce is an essential element of the offense of wire fraud as charged in Count of the indictment. The government need not prove that the defendant actually used a wire communication in interstate commerce or that the defendant even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the scheme or plan to defraud or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.

The government must prove beyond a reasonable doubt, however, that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises. The government must also prove that the use of the wire, radio, or television communication in interstate commerce would follow in the ordinary course of business or events or that the use of the wire, radio, or television communication facility in interstate commerce by someone was reasonably foreseeable.

51

It is not necessary for the government to prove that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

The government must prove beyond a reasonable doubt, however, that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme or plan to defraud or a scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

(2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 47.08 (6th ed. through 2013))

INSTRUCTION NO. 44

"Intent to Defraud" – Defined

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.

(2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 47.14 (6th ed. through 2013)).

INSTRUCTION NO. 45

Each Transmission by Wire Communication in Interstate Commerce – Defined

Each transmission by wire, radio, or television communication in interstate commerce to advance, or to further, or to carry out the scheme or plan to defraud or the scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises may be a separate violation of the wire statute..

(Adapted from 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 47.15 (6th ed. through 2013) to address only wire fraud).

INSTRUCTION NO. 46

Nature of the Offenses Charged – Counts Thirteen through Sixteen
(Aggravated Identity Theft)

Count Thirteen of the Indictment charges that on or about January 2, 2013, in the Eastern District of Virginia, the defendant did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name of J.H., during and in relation to a violation of Title 18, United States Code, Section 1349, as set forth in Count One of the Indictment.

Count Fourteen of the Indictment charges that on or about April 8, 2011, in the Eastern District of Virginia, the defendant did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name of L.B., during and in relation to a violation of Title 18, United States Code, Section 1349, as set forth in Count One of the Indictment.

Count Fifteen of the Indictment charges that on or about February 8, 2011, in the Eastern District of Virginia, the defendant did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name of J.M., during and in relation to a violation of Title 18, United States Code, Section 1349, as set forth in Count One of the Indictment.

Count Sixteen of the Indictment charges that on or about December 22, 2010, in the Eastern District of Virginia, the defendant did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name of R.W., during and in relation to a violation of Title 18, United States Code, Section 1349, as set forth in Count One of the Indictment.

(In violation of Title 18, United States Code, Sections 1028A and 2.)

The defendant has entered a plea of not guilty to these allegations in the indictment.

The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of aggravated identity theft.

(Adapted from the Indictment).

INSTRUCTION NO. 47

The Statute Defining the Offense Charged –  Counts Thirteen through Sixteen
(Aggravated Identity Theft)


Sections 1028A(a)(1) of Title 18 provides in part that:

"Whoever, during and in relation to any [conspiracy to commit wire fraud], knowingly

transfers, possesses, or uses, without lawful authority, a means of identification of another person

. . . "

shall be guilty of an offense against the United States.

(18 U.S.C. §§ 1028A(a)(1) and 1028A(c)(5)).

<u>INSTRUCTION NO. 48</u>

<u>The Essential Elements of the Offense Charged – Counts Thirteen through Sixteen</u>
(Aggravated Identity Theft)

In order to sustain its burden of proof for the crime of transferring, possessing, or using, without lawful authority, a means of identification of another person, during and in relation to another felony, as charged in Counts Thirteen through Sixteen of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

**<u>One:</u>**          The defendant knowingly transferred, possessed, or used a means of identification of another person;

**<u>Two:</u>**          The defendant knew that the means of identification belonged to another person;

**<u>Three:</u>**          The defendant knew that he was without lawful authority to transfer, possess, or use the means of identification; and

**<u>Four:</u>**          The defendant transferred, possessed, or used the means of identification during and in relation to the offense of conspiracy to commit wire fraud.

(Adapted from <u>United States v. Salazar-Montero</u>, 520 F.Supp.2d 1079, 1094 (N.D. Iowa 2007)(Elements overturned by <u>United States v. Mendoza-Gonzalez</u>, 520 F.3d 912 (8th Cir.2008) and subsequently reinstated by <u>Flores-Figueroa v. United States</u>, – U.S. –, 129 S.Ct. 1886 (2009))).

58

INSTRUCTION NO. 49

"Means of Identification" – Defined

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any–

(A)  name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;

(B)  unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(C)  unique electronic identification number, address, or routing code; or

(D)  telecommunication identifying information or access device.

(18 U.S.C. §§1028(d)(7)).

INSTRUCTION NO. 50

"Without Lawful Authority" – Defined

The Government must prove that the defendant knowingly transferred, possessed, or used the means of identification of another person "without lawful authority."

The Government does not have to prove that the defendant stole the means of identification, only that there was no legal authority for the defendant to transfer, possess, or use it.

(Adapted from Eleventh Circuit, Pattern Criminal Jury Instructions, § 40.03 (2010); See also, United States v. Abdelshafi, 592 F.3d 602, 607-608, (4th Cir. 2010)).

INSTRUCTION NO. 51

"During and In Relation To" – Defined

The term "during and in relation to" requires that the means of identification have some purpose or effect with respect to the crime charged in Count One of the Indictment – conspiracy to commit wire fraud; in other words, the means of identification must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count One of the Indictment, and its presence or involvement cannot be the result of accident or coincidence.

(Sixth Circuit, Pattern Criminal Jury Instructions, § 15.04(D) (2009)).

INSTRUCTION NO. 52

Nature of the Offenses Charged – Counts Seventeen through Twenty
(Money Laundering)

Count Seventeen of the Indictment charges that on or about December 23, 2010, in the Eastern District of Virginia, the defendant did knowingly engaged and attempted to engage in a monetary transaction by through and to a financial institution, affecting interstate or foreign commerce, involving criminally derived property of a value greater than $10,000, that is withdrew and exchanged approximately $158,000 in funds for a cashier's check payable to Precision Cars, such funds having been derived from a specified unlawful activity, that is, the conspiracy to commit wire fraud described in Count One of the Indictment.

Count Eighteen of the Indictment charges that on or about February 10, 2011, in the Eastern District of Virginia, the defendant did knowingly engage and attempt to engage in a monetary transaction by through and to a financial institution, affecting interstate or foreign commerce, involving criminally derived property of a value greater than $10,000, that is withdrew and exchanged approximately $17,000 of funds to purchase a diamond ring from Jacob and Company, such funds having been derived from a specified unlawful activity, that is, the conspiracy to commit wire fraud described in paragraphs 1-23 of Count One of the Indictment.

Count Nineteen of the Indictment charges that on or about April 11, 2011, in the Eastern District of Virginia, the defendant did knowingly engage and attempt to engage in a monetary transaction by through and to a financial institution, affecting interstate or foreign commerce, involving criminally derived property of a value greater than $10,000, that is withdrew and exchanged approximately $40,572 of funds to purchase a Mini Countryman vehicle, such funds having been derived from a specified unlawful activity, that is, the conspiracy to commit wire fraud described in paragraphs 1-23 of Count One of the Indictment.

Count Twenty of the Indictment charges that on or about April 21, 2011, in the Eastern District of Virginia, the defendant did knowingly engage and attempt to engage in a monetary transaction by through and to a financial institution, affecting interstate or foreign commerce, involving criminally derived property of a value greater than $10,000, that is withdrew and exchanged approximately $34,139.60 of funds to purchase a Mini Cooper vehicle, such property having been derived from a specified unlawful activity, that is, the conspiracy to commit wire fraud described in paragraphs 1-23 of Count One of the Indictment.

In violation of Title 18, United States Codes, Sections 1957 and 2.

The defendant has entered a plea of not guilty to these allegations in the indictment.

The government, therefore, assumes the responsibility of proving each of the essential elements of money laundering.

(Adapted from the Indictment).

63

INSTRUCTION NO. 53

The Statute Defining the Offense Charged – Counts Seventeen through Twenty
(Money Laundering)

Section 1957 of Title 18 provides in part that:

"Whoever, knowingly, engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000, and is derived from specified unlawful activity is guilty of an offense if . . . the offense takes place in the United States or in the special maritime and  territorial jurisdiction of the United States."

(18 U.S.C. § 1957 (1), (2), (d) and (d)(2)).

INSTRUCTION NO. 54

The Essential Elements of the Offense Charged – Counts Seventeen through Twenty
(Money Laundering)

In order to sustain its burden of proof for the crime of knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000, as charged in Counts Seventeen through Twenty of the indictment, the government must prove the following five (5) essential elements beyond a reasonable doubt:

**One:** The defendant engaged or attempted to engage in a monetary transaction;

**Two:** That defendant knew the transaction involved criminally derived property;

**Three:** The property had a value greater than $10,000;

**Four:** The property was derived from a specified unlawful activity as detailed in Count One of the Indictment; and

**Five:** That the transaction occurred in the United States.

(Adapted Committee on Federal Criminal Jury Instructions of the Seventh Circuit, Federal Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1957 Elements (2013)).

65

INSTRUCTION NO. 55

"Monetary Transaction" – Defined

The term "monetary transaction" means the deposit, withdrawal, transfer or exchange, in or affecting interstate commerce, of funds or a monetary instrument, by, through, or to a financial institution.

(Committee on Federal Criminal Jury Instructions of the Seventh Circuit, Federal Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1957 Definitions (2013).

INSTRUCTION NO. 56

"Interstate Commerce" – Defined

"Interstate commerce" means trade, transactions, transportation or communication between any point in a state and any place outside that state or between two points within a state through a place outside the state.

You must find that the transaction affected interstate commerce in some way, however minimal.  This effect on interstate commerce can be established in several ways.  If you find that the source of the funds used in the transaction affected interstate commerce, that is sufficient.  Or, if you find that the transaction itself involved an interstate transfer of funds, that would also be sufficient.

(Adapted from Committee on Federal Criminal Jury Instructions of the Seventh Circuit, Federal Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1957 Definitions (2013); 3 L. Sand, et. al., Modern Federal Jury Instructions - Criminal, § 50A-27 (Matthew Bender))

INSTRUCTION NO. 57

"Financial Transaction" – Defined

The term "financial transaction" as it pertains to these instructions means (A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

(18 U.S.C. § 1956(c)(4))

INSTRUCTION NO. 58

"Specified Unlawful Activity" –  Defined

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute.  In this case, the government has alleged that the funds in question were the proceeds of conspiracy to commit wire fraud.  I instruct you that, as a matter of law, conspiracy to commit wire fraud falls within that definition.  However, it is for you to determine whether the funds were the proceeds of that unlawful activity.

(3 L. Sand, et. al., Modern Federal Jury Instructions - Criminal, § 50A-8 (Matthew Bender); 18 U.S.C. 1956(c)(7)(A)).

INSTRUCTION NO. 59

"Criminally Derived Property" – Defined

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

(18 U.S.C. § 1957(f)(2))

INSTRUCTION NO. 60

"Knowingly" – Defined

The term "knowingly", as used in these instructions to describe the alleged state of mind of defendant, means that he was conscious and aware of his act or omission, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 17.04 (6th ed. through 2013))

INSTRUCTION NO. 61

"Materiality" – Defined


A statement or representation is "material" if it has a natural tendency to influence or is capable of influencing a decision or action.

To be "material" it is not necessary that the statement or representation, in fact, influence or deceive.

(1A O'Malley, Grenig and Lee, Federal Jury Practice & Instructions, § 16.11 (6th ed. 2012))

72

INSTRUCTION NO. 62

Motive – Explained

Intent and motive are different concepts and should never be confused.

Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct. These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime. The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 17.06 (6th ed. through 2013))

INSTRUCTION NO. 63

Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 17.07 (6th ed. through 2013)).

INSTRUCTION NO. 64

Aiding and Abetting – Explained

A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

Section 2(a) of Title 18 of the United States Code provides:

"Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

In order to be found guilty of aiding and abetting the commission of the crimes charged in Counts Two through Twenty of the indictment, the government must prove beyond a reasonable doubt that the defendant:

> One, knew that the crime charged was to be committed or was being committed,
>
> Two, knowingly did some act for the purpose of aiding, commanding or encouraging the commission of that crime, and
>
> Three, acted with the intention of causing the crime charged to be committed.

Before the defendant may be found guilty as an aider or an abettor to the crime, the government must also prove, beyond a reasonable doubt, that some person or persons committed each of the essential elements of the offenses charged in Counts Two through Twenty of the Indictment.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that crime.

The government must prove that the defendant knowingly and deliberately associated himself with the crime in some way as a participant—someone who wanted the crime to be committed—not as a mere spectator.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Section 18.01 (6th ed. through 2013))

INSTRUCTION NO. 65

Causing Another To Do An Act – 18 U.S.C. § 2(b)

A defendant need not commit all the acts constituting an offense in order to be guilty of it. Title 18, Section 2(b) of the United States Code states:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [is guilty of an offense].

In other words, a defendant can be guilty of an offense if the defendant causes another person to take an action, which if the defendant had done the act himself, would have made the defendant guilty of the offense.

In this regard, it does not matter whether the other person himself or herself was knowingly involved in the offense or was just an innocent party.

The defendant, however, must have willfully caused the other person to take the action, which if the defendant had done it himself or herself, would have made the defendant guilty. This means that the defendant must have done an act either with knowledge that the other person's act would follow in the ordinary course of business, or where the other person's act could reasonably have been foreseen.

(United States v. Walser, 3 F.3d 387, 388 (11 th Cir. 1993) ["[A]n individual is criminally culpable for causing an intermediary to commit a criminal act even though the intermediary has no criminal intent and is innocent of the substantive crime."]; United States v. Causey, 835 F.2d 1289, 1292 (9th Cir. 1987); United States v. Cantena, 500 F.2d 1319, 1323 (3rd Cir.), cert. denied, 419 U.S. 1047 (1974); Pereira v. United States, 374 U.S. 1, 8-9 (1954) [Court applies 18 U.S.C. §2(b) and holds that "where one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used."])

INSTRUCTION NO. 66

Common Scheme or Plan – Evidence of Acts or Declarations of Confederates

When two or more persons knowingly associate themselves together to carry out a common plan or arrangement and intend either to accomplish some unlawful purpose or to accomplish some lawful purpose by unlawful means, there arises from that association a kind of partnership in which each member becomes the agent of every other member.

So if you find that the evidence in the case shows such a common plan or arrangement, then an act knowingly done or a statement knowingly made by a member, while the common plan or arrangement is continuing and done or made in furtherance of some object or purpose thereof, is admissible against all of the members.

In order to establish that such a common plan or arrangement existed, the evidence must show that the parties to the plan or arrangement in some way or manner came to a mutual understanding to accomplish some common object or purpose.

In order to establish that a defendant or any other person was a party to or a member of such a common plan or arrangement, the evidence must show that the plan was knowingly formed and that the defendant, or other person who is alleged to have been a member of it, knowingly participated in it intending to advance or further some common object or purpose of the plan or arrangement.

In determining whether or not a defendant or any other person was a party to or a member of such a common plan or arrangement, the jury is not to consider what others may have said or done. The membership of a defendant or any other person in such a common plan or arrangement, in other words, must be established by evidence as to his own conduct—what he himself knowingly said or knowingly did.

If, and only if, it appears from such evidence in the case that a common plan or arrangement did exist, and that a defendant was one of the members of the plan or arrangement, then the acts and statements by any person likewise found to be a member may be considered by the jury as evidence in the case as to the defendant found to have been a member. This is true even though the acts and statements may have occurred in the absence of and without the knowledge of the defendant, provided that such acts and statements were knowingly done or knowingly made during the existence of the common plan or arrangement and in furtherance of some intended object or purpose of the plan or arrangement.

Otherwise any admission or incriminatory statement made or act done by one person outside of court may not be considered as evidence against any person who was not present and saw the act done or heard the statement made.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 18.02 ((6th ed. through 2013))

INSTRUCTION NO. 67

Agent of the Defendant

In order to sustain its burden of proof on Count One the Indictment it is not necessary for the government to prove that the defendant personally did every act constituting the offense charged. As a general rule, whatever any person is legally capable of doing himself, he can do through another acting as his agent.

So, if the acts or conduct of another is deliberately ordered or directed by the defendant or deliberately authorized or consented to by the defendant, then the law holds the defendant responsible for such acts or conduct just the same as if personally done by him.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Section 18.03 (6th ed. 2008))

INSTRUCTION NO. 68

Proof May Be Disjunctive

Although the Indictment may charge the defendant with committing an offense in several ways, using conjunctive language, it is not necessary for the government to prove that the defendant did each of those things.  It is sufficient if the government proves beyond a reasonable doubt that the defendant did any of these alternative acts as charged.

(Adapted from Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, Instruction No. 14.4 (Assault on a federal officer); United States v. McGinnis, 783 F.2d 755, 757 (8th Cir. 1986); United States v. Webb, 747 F.2d 278, 282 (5th Cir. 1985))

81

<u>INSTRUCTION NO. 69</u>

Verdict –  Election of Foreperson –  Duty to Deliberate –  Unanimity –  Punishment –
<u>Form of Verdict – Communication with the Court</u>

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges– judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way, to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

82

The punishment provided by law for the offense charged in the Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

A form of verdict has been prepared for your convenience.

(The form of verdict should be read to the jury.)

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the court security officer.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

[You will note from the oath about to be taken by the court security officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.]

Bear in mind also that you are never to reveal to any person--not even to the Court--how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.


(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 20.01 (6th ed. through 2013)).

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of October, 2013, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:

> Ferris R. Bond
> 700 Fifth Street, NW, Suite 200
> Washington, D.C. 20001
> Email: Ferrisbond@aol.com
> *Attorney for Defendant Colin C. Williams*

> Respectfully submitted,
> Dana J. Boente
> Acting United States Attorney

By: _____/s/_____
> Chad Golder
> Kosta S. Stojilkovic
> Assistant United States Attorneys
> Eastern District of Virginia
> Counsel for the United States
> United States Attorney's Office
> 2100 Jamieson Avenue
> Alexandria, Virginia 22314
> Phone:  (703) 299-3700
> Fax:  (703) 299-3981
> Email:  chad.i.golder@usdoj.gov
> Email:  kosta.stojilkovic@usdoj.gov